UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

IN RE:
TRISH SMITH,                 *        CASE NO. 19-41152
     DEBTOR/S             *        CHAPTER 13

## AMEND CHAPTER 13 PLAN

Comes now the above named debtor/s, by and through his/her/their attorney and files this Amended Chapter 13 Plan as to the following, to-wit:

1. See attached amended plan.

Done on this the 18 day of September, 2019.

/s/Shavon L. Richardson
_____
Shavon L. Richardson
Attorney for Debtor/s
Alabama Consumer Law Group LLC
P.O. Drawer 756
Talladega, AL 35161
(256) 761-1858
shavon@aclg.law

## CERTIFICATE OF SERVICE

I hereby certify that I have e-mailed a copy to Linda B. Groe, Trustee at ch13books@bellsouth.net and mailed a copy in the U. S. Mail, postage prepaid to the attached list of creditors on this the 18 day of September, 2019.

/s/Shavon L. Richardson
_____
Shavon L. Richardson

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | Trish Smith |
| | Name: First Middle Last |
| Debtor 2 | |
| (Spouse, if filing) | Name: First Middle Last |
| Case number (If known) | 19-41152 |

Check if this is an amended plan ☑
Amends plan dated: 07/11/2019

# Chapter 13 Plan

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase money security interest, as set out in Part 3, § 3.4.

☑ The plan sets out nonstandard provision(s) in Part 9.

## Part 2: Plan Payments and Length of Plan

**2.1** Debtor(s) will make regular payments to the trustee as follows:

$ 1,145.00 per month for 60 months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

**2.2** Regular payments to the trustee will be made from future income in the following *manner (check all that apply):*

☐ Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to:

☑ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment)

Debtor(s): Trish Smith   Case number: 19-41152   Eff (01/01/2019)

### 2.3 Income tax refunds and return. *Check one.*

- [x] Debtor(s) will retain any income tax refunds received during the plan term.
- [ ] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.
- [ ] Debtor(s) will treat income tax refunds as follows:
- [ ] Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

### 2.4 Additional Payment. *Check all that apply.*

- [x] **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### 2.5 Adequate Protection Payments.

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

## Part 3: Treatment of Secured Claims

### 3.1 Maintenance of payments and cure of defaults, if any, on long-term secured debts. *Check one.*

- [ ] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
- [x] Debtor(s) or trustee will maintain the current contractual installment payments on the secured claims listed below. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim, amended proof of claim, or notice of payment change control over any contrary amounts listed below as to the estimated amount of the creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Collateral | Estimated Amount of Creditor's Total Claim | Current Installment Payment (including escrow) | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|---|
| Highpoint | home | $148,000.00 | $1,479.72<br>Disbursed by: Debtor(s)<br>To begin: 8/2019 | $ | | $ | |
| PNC | 2018 Chev Equinox | $2,773.76 | $432.00<br>Disbursed by: Debtor(s)<br>To begin: 8/2019 | $0.00 | | $ | |

### 3.2 Request for valuation of security, claim modification, and hearing on valuation. *Check one.*

- [x] **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

### 3.3 Secured claims excluded from 11 U.S.C. § 506 and fully secured claims. *Check one.*

Case 19-41152-JJR13   Doc 32   Filed 09/18/19   Entered 09/18/19 16:20:06   Desc Main
Document   Page 3 of 9
Chapter 13 Plan Page 2 of 6

☑ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Section 522(f) judicial lien and nonpossessory, nonpurchase money ("Non-PPM") security interest avoidance.** *Check all that apply.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of collateral.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4: Treatment of Fees and Priority Claims

**4.1 General.**

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

**4.2 Chapter 13 case filing fee.** *Check one.*

☑ Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.

☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

**4.3 Attorney's fees.**

The total fee requested by Debtor(s)' attorney is $ 3,750.00. The amount of the attorney fee paid prepetition is $ 815.00.

The balance of the fee owed to Debtor(s)' attorney is $ 2,935.00, payable as follows (*check one*):

☐ $ _____ at confirmation and $ _____ per month thereafter until paid in full, or

☑ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

**4.4 Priority claims other than attorney's fees and domestic support obligations.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

☑ The other priority claims are listed below. Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

| Name of Creditor | Estimated Amount of Claim to be Paid | Monthly Fixed Payment, if any, to Creditor | Monthly Fixed Payment, if any, to Begin |
|---|---|---|---|
| IRS | $ 5,340.76 | $ 90.00 | confirmation |
| State of Alabama | $ 868.90 | $ 15.00 | confirmation |

**4.5 Domestic support obligations.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

**5.2 Percentage, Base, or Pot Plan.** *Check one.*

☐ 100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.

☐ Percentage Plan. This plan proposes to pay _____ % of each allowed nonpriority unsecured claim.

☐ Pot Plan. This plan proposes to pay $ _____ , distributed pro rata to holders of allowed nonpriority unsecured claims.

☑ Base Plan. This plan proposes to pay $ 68,700.00 to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan.

**5.3 Interest on allowed nonpriority unsecured claims not separately classified.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

**5.4 Maintenance of payments and cure of any default on long-term nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

**5.5 Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2 The executory contracts and unexpired leases listed below are rejected.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

### Part 7: Sequence of Payments

**7.1** Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

### Part 8: Vesting of Property of Estate

**8.1 Property of the estate will vest in Debtor(s)** *(check one):*

☑ Upon plan confirmation.

☐ Upon entry of Discharge.

### Part 9: Nonstandard Plan Provisions

Debtor(s): Trish Smith   Case number: 19-41152   Eff (01/01/2019)

☐ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

[✓] **Nonstandard provisions.** *Nonstandard provisions are required to be set forth below. Nonstandard provisions set out elsewhere in this plan are ineffective. A nonstandard provision is a provision not otherwise included in this district's Local Form or deviating from it. These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.*

Debtor student loan with Nelnet in the $68179.20 is in defermant.

## Part 10: Signatures

**Signature(s) of Debtor(s)** (*required*):

✗ /s/Trish Smith                              Date  09/18/2019

✗                                             Date

**Signature of Attorney for Debtor(s):**  ✗ *Shavon L Richard*    Date 9/18/19

Name/Address/Telephone/Attorney for Debtor(s):

Shavon L. Richardson
Alabama Consumer Law Group, LLC
P.O. Drawer 756
Talladega, AL 35161
(256) 761-1858
shavon@aclg.law

**By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1126-1<br>Case 19-41152-JJR13<br>NORTHERN DISTRICT OF ALABAMA<br>Anniston<br>Wed Sep 18 15:51:00 CDT 2019 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | U. S. Bankruptcy Court<br>1129 Noble Street, Room 117<br>Anniston, AL 36201-4674 |
| Alabama Department of Revenue<br>Legal Division<br>P.O. Box 320001<br>Montgomery, Alabama 36132-0001 | (p)BANK OF AMERICA<br>PO BOX 982238<br>EL PASO TX 79998-2238 | Bank of America, N.A.<br>P O Box 982284<br>El Paso, TX 79998-2284 |
| Capital One<br>P.O.Box 30281<br>Salt Lake, City, UT 84130-0281 | ComenityBank/Wayfair<br>P.O. Box 182789<br>Columbus, OH 43218-2789 | DSMB/Macys<br>P.O. Box 8218<br>Mason, OH 45040-8218 |
| Department Stores National Bank<br>c/o Quantum3 Group LLC<br>PO Box 657<br>Kirkland, WA 98083-0657 | FNB of Omaha<br>P.O. Box 3412<br>Omaha, NE 68197-0001 | First National Bank of Omaha<br>c/o BQ & Associates, PC, LLO<br>14211 Arbor Street, Suite 100<br>Omaha, NE 68144-2312 |
| Highpoint<br>4849 Greenville AVenue<br>Suite 800<br>Dallas TX 75206-4130 | Home Point Financial Corporation<br>11511 Luna Road, Suite 300<br>Farmers Branch, TX 75234-6451 | Nelnet<br>P.O. Box 82561<br>Lincoln, NE 68501-2561 |
| PNC Bank<br>2730 Liberty Avenue<br>Pittsburg, PA 15222-4747 | PNC Bank, N.A.<br>PO Box 94982<br>Cleveland, OH 44101-4982 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Quest Diagnostic<br>P.O. Box 7306<br>Hollister, MO 65673-7306 | SYNCB/TJX Co<br>P.O. box 965015<br>Orlando, FL 32896-5015 | State of Alabama<br>Dept of Revenue<br>50 N. Ripley St.<br>Montgomery, AL 36132-0001 |
| Syncb/Amazon<br>P.O. Box 965015<br>Orlando, FL 32896-5015 | Syncb/Belk<br>P.O. Box 965028<br>Orlando, FL 32896-5028 | Syncb/Care Credit<br>P.O. Box 965036<br>Orlando, FL 32896-5036 |
| Syncb/Old Navy<br>P.O. Box 965005<br>Orlando, FL 32896-5005 | Synchrony Bank/Dicks<br>P.O. Box 965005<br>Orlando, FL 32896-5005 | Tanner Health Systems<br>Tanner Medical Center<br>1643 Lewis Avenue<br>Suite 203<br>Billings, MT 59102-4151 |
| The Home Depot/CBNA<br>P. O. Box 6497<br>Sioux Falls, SD 57117-6497 | U.S. Department of Education c/o Nelnet<br>121 South 13th Street, Suite 201<br>Lincoln, NE 68508-1911 | United States Internal Revenue Ser<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |

| Linda Baker Gore<br>NON-PAYMENTS: P.O. Box 1338<br>Gadsden, AL 35902 | Shavon Latress Richardson<br>Alabama Consumer Law Group, LLC<br>400 South Court Square<br>P.O. Drawer 756<br>Talladega, AL 35161-0756 | Trish Smith<br>1741 Priebes Mill Road<br>Oxford, AL 36203-8990 |
|---|---|---|

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| Bank of America<br>P.O. Box 982234<br>El Paso, TX 79998-2235 | Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk VA 23541 | |
|---|---|---|

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| (u)Home Point Financial Corporation | (d)PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | End of Label Matrix<br>Mailable recipients 32<br>Bypassed recipients 2<br>Total 34 |
|---|---|---|